**Jewell SMITH, Plaintiff–Appellant,**

**v.**

**Bob BAYER; et. al., Defendants–Appellees.**

**No. 02–16987.**

**D.C. No. CV–99–01099 LRH (LRL).**

United States Court of Appeals, Ninth Circuit.

Submitted April 7, 2003.*

Decided April 18, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before RYMER, KLEINFELD, and FISHER, Circuit Judges.

MEMORANDUM[**]

Jewell Smith, a Nevada state prisoner, appeals pro se the district court's summary judgment in favor of prison officials in Smith's 42 U.S.C. § 1983 action alleging unhealthy and unsanitary prison conditions in violation of his Eighth Amendment Rights. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. *Wyatt v. Terhune,* 315 F.3d 1108, 1120 (9th Cir.2003). We vacate and remand.

Before a plaintiff can pursue a civil action with respect to prison conditions, he or she must exhaust the administrative remedies that are available. 42 U.S.C. § 1997e(a); *Booth v. Churner,* 532 U.S. 731, 738–40, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). This provision does not require exhaustion of all remedies; it requires the exhaustion of "such administrative remedies as are available." *Id.*

Here, it is undisputed that for 30 days Smith could not file a grievance because no grievance forms were available to inmates in Unit Seven. It is also undisputed that upon transfer to Unit Eight, Smith filed a grievance regarding prison conditions but prison officials never responded to his grievance. Under these circumstances, there was no available administrative remedy for Smith to exhaust. *See* 42 U.S.C. § 1997e(a); *Wyatt,* 315 F.3d at 1120 (defendant has burden to prove the plaintiff-prisoner failed to exhaust available administrative remedies); *cf. Booth,* 532 U.S. at 738–40 (2001) (requiring exhaustion re-

gardless of whether the relief sought is available through the administrative grievance process). Accordingly, the district court erred by dismissing for failure to exhaust administrative remedies.

We reject Smith's contention that the Supreme Court's ruling in *Booth* should not be applied retroactively to his case. *See Harper v. Va. Dep't of Taxation,* 509 U.S. 86, 96, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993) (stating "a rule of federal law, once announced and applied to the parties to the controversy, must be given full retroactive effect by all courts adjudicating federal law").

For these reasons, we VACATE the district court's dismissal and REMAND for consideration of the merits of Smith's claims.

Each party shall bear its own costs.

**VACATED AND REMANDED.**

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.